# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>v.<br><br>WINFRED JAMES GRIGSBY,<br>　　　　Defendant. | Case No. CR-06-047-RAW |

## ORDER

Before the Court is Defendant's Motion to Reconsider, or in the Alternative, Stay Order of Detention Pending Appeal [Docket No. 189]. Defendant was charged in this action with violation of 18 U.S.C. §§ 1151, 1153, 2241 and 2246(2)(C), aggravated sexual abuse of a minor in Indian Country. Defendant is charged with a violent crime. Generally, a defendant charged with such a violent act is not given pretrial release. In this case, however, taking into account the age and infirmities of Defendant, the Court allowed him to be released, but only under specific conditions so as to protect the public, namely minors, from any possible harm that Defendant might cause.

Defendant states in his motion that at the time of his release, the Court found that he was not a flight risk or a danger to the public. The Court did note on September 27, 2006 that whether the Defendant posed a flight risk was not an issue. The Court did not, however, as Defendant argues, merely state that Defendant was not a danger to the public. The issue before the Court on September 27, 2006 was whether any combination of conditions could be imposed that would reasonably assure the safety of the public. Taking into consideration all of the factors of 18 U.S.C. § 3142(g), the Court found that "a combination of conditions can be imposed that will reasonably assure the safety of any other persons and the community."

The Court then imposed the least restrictive conditions that would assure the safety of any other person and the community, including home incarceration with electronic monitoring, the prohibition of any contact with minor children, and the requirement that one of two custodians be present with Defendant at all times. The Court found these requirements necessary to reasonably assure the safety of the community. Apparently, Defendant and his custodians did not take the custodial requirement seriously, as evidenced by their repeated violations of that condition of release.

While the Court has stated that its primary concerns were that Defendant remain at home with electronic monitoring and not have contact with children, the Court also stated that it was relying on the family, namely the custodians, to make that happen. The custodial condition was included for the specific purpose of giving the Court the additional assurance that Defendant's custodians would ensure he complied with the other necessary conditions of his release, thus reasonably assuring the safety of the community. At the January 24, 2008 hearing, Defendant asked that this condition simply be removed.

While Defendant argues that the Government is "hell-bent" on getting the Court to jail Defendant, the Court has bent over backwards to try to keep Defendant out of jail. The Court will not, however, simply remove a condition imposed to reasonably assure the safety of persons in the community because Defendant and his custodians will not comply. The Court does not and will not make it a practice to reward defendants for noncompliance with imposed conditions of release.

Defendant argues that because of a line in a written Order on August 3, 2007, Defendant and his custodians "could have believed he was in compliance" even when Defendant's custodians were not present. Defendant does not argue, however, that he or his custodians were ever actually under that impression. The Pretrial Services Officer's testimony on January 24, 2008, indicating that

2

Defendant and his custodians were, in fact, aware of the condition that one of the custodians be present with him at all times has not been rebutted. Moreover, the Court informed Defendant in open Court on August 2, 2007 that when his custodians are not present, that fact needs to be reported. At that same hearing, as Defendant noted himself, the Court sternly advised Defendant and his custodians regarding strict compliance with the conditions of release. The Court specifically stated that any more infractions would result in revocation of Defendant's release.

Defendant further argues that the violations were not the fault of Defendant, but his custodians. While Defendant is perhaps correct that the violations are mostly the fault of his custodians and that his custodians should likely be charged with contempt, the fact remains that Defendant, at all times, retained the power and control to inform the Pretrial Services Officer of any violations caused by his custodians. Such compliance would have surely encouraged the Court to simply replace Defendant's custodians.

Defendant's argument that the Order of release contained no specific directive that Defendant report violations caused by his custodians is a non-starter. While Defendant has repeatedly reminded the Court that he is old, cannot hear and has other physical ailments, Defendant has never once given the Court any inclination that he is unintelligent. Defendant was aware of the condition that one of his two custodians, both members of his family, must be present with him at all times. Very little thought would have been required for him to deduce that if his custodians refused to perform their duty, his only option in keeping in compliance with the conditions of his release would be to inform his Pretrial Services Officer that he was in need of assistance. Furthermore, the Court noted in open court on August 2, 2007, that it is "a perfectly reasonable viewpoint by the probation officer and by

3

the Government that the condition . . . requires that when the custodian is not there that that be reported."

Defendant notes that the Court did not state in its oral ruling revoking Defendant's release that the Defendant was a danger to the public. He further argues that "[n]o one could say with a straight face that the facts of the alleged violation ever could be construed to be a danger to another." The conditions of Defendant's release were imposed to assure the safety of the community. The Court reminds Defendant that he is charged with the *aggravated sexual abuse of a minor*. The Court does not believe Defendant's counsel could have drafted his "straight face" remark with a straight face.

In any event, for Defendant's edification, the Court explicitly holds that Defendant's repeated failure to comply with the conditions of his release establishes the rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. The Court further finds that Defendant has not rebutted this presumption. His arguments that he *could have* believed he was in compliance and that he did not know (even after being told by the Court at the hearing on August 2, 2007) that he needed to report his custodians' noncompliance are not sufficient to rebut the presumption noted above. There exists a serious risk that without custodial supervision, Defendant may not comply with the other conditions of his release.

Defendant's repeated violations of the conditions of his release have finally left the Court with no alternative except to revoke his release. The Court finds by clear and convincing evidence that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) that will reasonably assure the safety of the any other person and the community. Accordingly, Defendant's

motion [Docket No. 189] is hereby DENIED. It is Ordered that Defendant's pretrial release shall remain REVOKED and Defendant shall be detained pending further proceedings in this matter.

IT IS SO ORDERED this 31st day of January, 2008.

**Dated this 31st Day of January 2008.**

J4h4i0

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma